**CV  05  1851**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

Dr. Al-Hajj Idris A. Muhammad
and Siraj Ibn Wahhaj

Plaintiffs Inpropria Persona Sui Juris,

Vs.

Commissioner Robert C. Bonner, U.S. Customs
and Border Protection, 300 Pennsylvania Avenue
N.W. Washington, D.C. 20229;
Susan Mitchell, Director of Field Operations, One
Penn Plaza, New York City, NY 10119;
Thomas Williams, Supervisor Border Protection
Officer, Customs and Protection Building 77, JFK
Airport, Jamaica, NY11430
Robert Agen, Border Protection Officer, Customs and
Protection Building 77, JFK Airport, Jamaica, NY 11430
Wong, Border Protection Officer, Customs and Protection
Building 77, JFK Airport, Jamaica, NY 11430
and Two Unknown Border Protection Officers, Customs and
Protection Building 77, JFK Airport, Jamaica, NY 11430

Defendants.

Individually and in Their
Official Capacities
-----------------------------------------------------x

**DEARIE, J.**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★  APR 14 2005
BROOKLYN OFFICE

**BLOOM, M.J.**

:COMPLAINT
42 U.S.C. 1983, 1985,
and 1986

**Jury Trial Demanded**

RECEIVED
APR 1 4 2005
PRO SE OFFICE

Plaintiffs Inpropria Persona Sui Juris, Dr. Al-Hajj Idris A. Muhammad and Siraj Ibn Wahhaj complaining of

the Defendants, alleges as follows:

## Preliminary Statement

1. We hereby are filing a Civil Rights complaint to be compensated for damages Under 42 U.S.C.

Section1983, Bevins Action for Religious Discrimination, Illegal Detainment, Violations of our Constitutional

Rights, Civil Liberties, Infliction of Mental Distress and conspiracy to commit such acts by Defendants.

2

### Jurisdiction

2.  The legal Jurisdiction of the Court is founded under 28 U.S.C., 1331, 1342, and has Supplemental Jurisdiction over State Tort Claims under 28 U.S.C. 1367.

### Parties

3.  At all times during the incidents complained herein, the Plaintiffs Inpropria Persona Sui Juris have resided at 124 West 137th Street Apartment 1-D, New York City, NY 10030 in the County of New York, and 284 Clermont Avenue, Brooklyn, NY 11205 in the County of Kings.

4.  Upon information and belief, at all times during the incidents complained herein, Defendant Bonner was the Commissioner of U.S. Customs and Border Protection of the City of Washington, D.C.

5.  Upon information and belief, at all times during the incidents complained herein, Defendant Mitchell was the Director of Field Operations, One Penn Plaza, of the City of New York.

6.  Upon information and belief, at all times during the incidents complained herein, Defendant Williams Was the Supervisor of Border Protection Officers, Customs and Protection, located at Building 77, JFK Airport, Jamaica, NY 11430.

7.  Upon information and belief, at all times during the incidents complained herein, Defendant Agen was a Border Protection Officer, Customs and Protection, located at Building 77, JFK Airport, Jamaica, NY 11430.

8.  Upon information and belief, at all times during the incidents complained of herein Defendant Wong was a Border Protection Officer, Customs and Protection Building 77, JFK Airport, Jamaica, NY 11430.

9.  Upon information and belief, at all times during the incidents complained of herein two Defendants were unknown Border Protection Officers, Customs and Protection Building 77, JFK Airport, Jamaica, NY 11430.

3

10. On or about January 24, 2005,  Siraj Ibn Wahhaj, Plaintiff Inpropria Persona Sui Juris, arrived at 3 p.m. from an Air Moroc plane at J.F.K. Airport in Jamaica, Queens.  Three unknown Border Protection Officers stopped Plaintiff in arrival hallway and asked Plaintiff for his passport.

11.Also the Plaintiff believes he was illegally stopped, profiled and targeted by the unknown Border Protection Officer, because is a Muslim.

12. The unknown Border Protection Officer ask Plaintiff to accompany him to the Customs and Protection Detention Room, and Plaintiff was illegally detained in the Customs and Protection Detention Room for 4 hours.  Border Protection Officer Agen and Border Protection Officer Wong interrogated Plaintiff.  Plaintiff repeats and reiterates each and every allegation contained in this complaint with absolute truth.

13. On or about February 02, 2005, at 3:10 p.m. Dr. Al-Hajj Idris A. Muhammad, Plaintiff Inpropria Persona Sui Juris arrived from an Air Egypt plane at JFK Airport in Jamaica, Queens.  An unknown Border Protection Officer stopped Plaintiff in arrival hallway and asked Plaintiff for his passport.

14. Also Plaintiff believes he was illegally stopped, profiled, and targeted because he is a Muslim Man of Arab ethnicity that was born in the USA.

15. The unknown Border Protection Officer ask Plaintiff to accompany him to the Customs and Protection Detention Room.  The Plaintiff was illegally detained in the Customs and Protection Detention Room for 2 hours.  Plaintiff repeats and reiterates each and every allegation contained in this complaint with absolute truth.

16. The complaint herein indicates that Defendants Robert C. Bonner, Susan Mitchell, Thomas Williams, Robert Agen, Wong and two unknown Border Protection Officers were acting under the Color of the Statutes, Ordinances, Regulations, Outcomes, and Usages of the State of New York and Washington, D.C.

4

17. The actions of the Defendants constituted harassment, religious biasness and was in violation of the 8th , 2nd, and 14th Amendments of the Constitution of the United States.

18. The failure of Defendants to act appropriately as mandated by law constituted deliberate indifference and caused the mental, emotional suffering and distress of the Plaintiffs. Also, the Defendants aforesaid conduct was extreme and outrageous and was done intentionally and recklessly to cause such distress to Plaintiffs.

19. The Third Cause of Action for negligence was that Defendants Bonner and Mitchell failed to take any action to curb or prevent the wrongful conduct of Defendants Williams, Agen, Wong, and the two unknown Border Protection Officers against Plaintiffs.

**WHEREFORE**, the Plaintiffs request that the Court grant the following relief and issue a Declaratory Judgment finding for the Plaintiffs that:

That the failure of Defendants Bonner, Mitchell, Williams, Agen, Wong and the two unknown Border Protection Officers to prevent and stop the wrongful actions of their subordinates complained of herein violated Plaintiffs right under the Federal and Sate Law Protections.

The First Cause of Action that Plaintiffs be awarded compensatory damages in the amount of Five Hundred thousand Dollars.

On the Second Cause of Action that Plaintiffs be awarded compensatory damages in the amount of Two Hundred Thousand Dollars.

On the Third Cause of Action that Plaintiffs be awarded compensatory in the amount of One Hundred Thousand Dollars.

5

Also that punitive damages be awarded against each and all of the Defendants in the amount of One Million Dollars, and that all damages be awarded against the Defendants individually and separately in both their individual and official capacities of each of the Defendants.

That attorney fees and such other and further relief as to the Court is just and proper be awarded to the Plaintiffs.

Dated: April 11, 2005

Dr. Al-Hajj Idris A. Muhammad
124 West 137 Street, Apartment 1-D,
New York City, NY 10030

Siraj Ibn Wahhaj
284 Clermont Avenue
Brooklyn, NY 11205