SLR:SK(6445)
2005v00837

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

DR. AL-HAJJ IDRIS A. MUHAMMAD and
SIRAJ IBN WAHHAJ,

          Plaintiffs,

— against —

ROBERT C. BONNER, Commissioner,
U.S. Customs and Border Protection;
SUSAN MITCHELL, Director of Field
Operations; THOMAS WILLIAMS,
Supervisory Border Protection
Officer; ROBERT AGEN, Border
Protection Officer; WONG, Border
Protection Officer; TWO UNKNOWN
BORDER PROTECTION OFFICERS,

          Defendants.

- - - - - - - - - - - - - - - - - -x

ANSWER

Civil Action
No. 05-1851

(Dearie, J.)
(Bloom, M.J.)

      Defendants by their attorney ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, Steven Kim, Assistant United States Attorney, of counsel, answer the correspondingly numbered paragraphs in Plaintiffs' Complaint, upon information and belief, as follows:

      1.  Plaintiffs' Preliminary Statement does not allege facts requiring a response, but to the extent that it may be deemed factual, Defendants deny the allegations.

      2.  Conclusions of law do not require a response, but to the extent that they may be deemed factual, Defendants deny the allegations.

      3.  Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

Muhammad v. Bonner, CV-05-0953
Answer
Page - 2 -

    4.    Defendants aver that Robert C. Bonner was the Commissioner of United States Customs and Border Protection ("CBP") in January and February of 2005.

    5.    Defendants aver that Susan Mitchell was the CBP Director of Field Operations for New York in January and February of 2005.

    6.    Defendants aver that Thomas Williams was a supervisory CBP officer in January and February of 2005.

    7.    Defendants deny the allegations.

    8.    Defendants deny the allegations.

    9.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

    10.    Defendants aver that, on January 24, 2005, at about 3:20 p.m., Plaintiff Siraj Ibn Wahhaj ("Wahhaj") arrived at John F. Kennedy International Airport ("JFK") on Royal Air Morocco Airlines and was detained for baggage examination.

    11.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

    12.    Defendants aver that Wahhaj was detained for approximately four hours, Defendants deny that such detention was unlawful, and Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations in the first sentence. Defendants further aver that United States Immigration and Customs Enforcement agents Wong and Fagan

questioned Wahhaj. Defendants reassert their preceding responses to Plaintiffs' allegations in paragraphs one through eleven.

13. Defendants aver that, on February 1, 2005, Plaintiff Dr. Al-Hajj Idris A. Muhammad ("Muhammad") arrived at JFK on Egypt Air Airlines and was detained for baggage examination.

14. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

15. Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence. Defendants aver that Muhammad was detained for baggage examination for approximately two hours. Defendants deny the remaining allegations and reassert their preceding responses to Plaintiffs' allegations in paragraphs one through fourteen.

16. Defendants deny the allegations.

17. Defendants deny the allegations.

18. Defendants deny the allegations.

19. Defendants deny the allegations.

20. The allegations in the paragraph beginning "WHEREFORE" set forth prayers for relief and not allegations of fact requiring a response.

## GENERAL DENIAL

Insofar as responses may be deemed required, Defendants deny any and all allegations in Plaintiffs' Complaint which were not specifically admitted or denied above.

Muhammad v. Bonner, CV-05-0953<br>
Answer<br>
Page - 4 -

### FIRST DEFENSE

To the extent that Plaintiffs are suing Defendants under the laws of New York State, and upon the certification of the undersigned that the named defendants in this action were acting within the scope of their employment, the Westfall Act renders such defendants absolutely immune from suit by making an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, the exclusive remedy for injuries caused by federal employees acting in the scope of their employment. See also United States v. Smith, 499 U.S. 160, 166 (1991).

### SECOND DEFENSE

Defendants enjoy qualified immunity from suit.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, dismissing the Complaint in its entirety, granting Defendants their costs of suit, and granting Defendants such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
       August 8, 2005

```
                              ROSLYNN R. MAUSKOPF
                              United States Attorney
                              Eastern District of New York
                              1 Pierrepont Plaza, 16th Floor
                              Brooklyn, New York  11201

                         By:  \s\ Steven Kim
                              STEVEN KIM (SK6445)
                              Assistant U.S. Attorney
                              (718) 254-7036
```