UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. AL-HAJJ IDRIS A. MUHAMMAD
and SIRAJ IBN WAHHAJ,

                        Plaintiffs Inpropria Persona Sui Juris

          -against-

ROBERT C. BONNER, Commissioner, U.S. Customs
and Border Protection, 300 Pennsylvania Avenue
N.W. Washington, D.C. 20229; 1986
SUSAN MITCHELL, Director of Field Operations, One
Penn Plaza, New York City, NY 10119;
THOMAS WILLIAMS, Supervisor Border Protection
Officer, Customs and Protection Building 77, JFK
Airport, Jamaica, NY 11430;
ROBERT AGEN, Border Protection Officer, Customs and
Protection Building 77, JFK Airport, Jamaica, NY 11430;
WONG, Border Protection Officer, Customs and Protection
Building 77, JFK Airport, Jamaica, NY 11430;
And Two Unknown Border Protection Officers, Customs and
Protection Building 77, JFK Airport, Jamaica, NY 11430

                        Defendants.

Individually and in Their
Official Capacities
------------------------------------------------------------x

AMENDED COMPLAINT
05-CV-~~0185~~ 1851 (RJD) (LB)



Plaintiffs Inpropria Persona Sui Juris, Dr. Al-Hajj Idris A. Muhammad and Siraj Ibn Wahhaj complaining of Defendants, alleges as follows:

### Preliminary Statement

1. We hereby are filing a Civil Rights complaint to be compensated for damages Under U.S.C. Section 1983, Bevins Action for Religious Discrimination, Illegal Detainment, Violations of our Constitutional Rights, Civil Liberties, Infliction of Mental Distress and conspiracy to commit such acts by Defendants.

1

## Jurisdiction

2. The legal Jurisdiction of the Court is founded under the 28 U.S.C., 1331, 1342, 1367 and the Religious Freedom Restoration Act, 42 U.S.C. 2000bb et seq.

## Parties

3. At all times during the incidents complained herein, the Plaintiffs Inpropria Persona Sui Juris have resided at 124 West 137th Street Apartment 1-D, New York City, NY 10030 in the County of New York and 284 Clermont Avenue, Brooklyn, NY 11205 in the County of Kings.

4. Upon information and belief, at all times during the incidents complained herein, Defendant Bonner was the Commissioner of U.S. Customs and Border Protection of the City of Washington, DC.

5. Upon information and belief, at all times during the incidents complained herein, Defendant Mitchell was the Director of Field Operations, One Penn Plaza, of the City of New York.

6. Upon information and belief, at all times during the incidents complained herein, Defendant Williams was the Supervisor of Border Protection Officers, Customs and Protection, located at Building 77, JFK Airport, Jamaica, NY 11430.

7. Upon information and belief, at all times the incidents complained herein, Defendant Agen was a Border Protection Officer, Customs and Protection, located at Building 77, JFK Airport, Jamaica, NY 11430.

8. Upon information and belief, at all times during the incidents complained of herein, Defendant Wong was a Border Protection Officer, Customs and Protection Building 77 JFK Airport, Jamaica, NY 11430.

9. Upon information and belief, at all times during the incidents complained of herein two were unknown Border Protection Officers, Customs and Protection Building 77, JFK Airport, Jamaica, NY 11430.

10. That Plaintiff Siraj Ibn Wahhaj is a United States citizen.

11. That Plaintiff Siraj did give his passport to said Border Protection Officer.

12. That Border Protection Officer then ordered Plaintiff Siraj to go into a detention room.

13. That Plaintiff Siraj was never told why he had to go to the detention room

14. That Plaintiff Siraj was held in the detention room for about four hours.

15. That during those four hours Plaintiff Siraj was interrogated by Border Protection Officers Agen and Wong.

16. That Plaintiff Siraj passport clearly indicates where he had traveled prior returning to the U.S.A. Plaintiff Siraj was never has asked about being a United States Citizen.

17. That despite this fact, Plaintiff Siraj was interrogated about where he had traveled.

18. That Plaintiff Siraj asked if he could leave the detention room, since he had done nothing wrong.

19. That Plaintiff Siraj was told that he could not leave the detention room..

20. That to this present day, the only reason Plaintiff Siraj believes he was illegally detained because he is a Muslim Man and his Way of Life is Al-Islam.

21. That Plaintiff Dr. Al-Hajj Idris A. Muhammad is a United States citizen.

22. That Plaintiff Dr. Muhammad was stopped by a unknown Border Protection Officer and requested to show his passport.

23. That Plaintiff Dr. Al-Hajj Idris A. Muhammad did provide his passport, which clearly shows that he had just returned from the Sacred journey of A-Hajj (The Pilgrimage) and Umra to the Holy City of Makkah, Saudia Arabia, which has occupied a special place in the Muslim World as the heartland of Al-Islam. Indeed, it is toward the sacred Kaabah in Makkah that Muslims turn devoutly in Salat (Prayer) five times a day. Al-Hajj is attended by millions of Muslim that have travel from almost every country in the world. Al-Hajj is a blessed journey, a journey that is based on belief in Allah's Unity (Tawhid), sincerity to Him, responding to His call, and on obedience to His commands, hoping to gain the reward of the Almighty Allah, and in obedience to His Messenger Muhammad (May the Peace and Blessings be Upon Him). The reward for Al-Hajj that is acceptable to Allah, the Most High is the Garden of Paradise. Plaintiff Dr. Muhammad returned to the U.S.A. by way of Cairo, Egypt.

24. That Plaintiff Dr. Muhammad was then ordered by an unknown Border Protection Officer to enter a detention room, but was never given a reason as to why he was stopped and detained.

4

25. That a Border Protection Officer told Plaintiff Dr. Muhammad, that he could not leave the detention room.

26. That Plaintiff Dr. Muhammad remained in the detention room for two hours. Border Protection Officers never questioned Plaintiff Dr. Muhammad about his United States Citizen, and the authenticity of his passport.

27. That the Plaintiff Dr. Muhammad then asserted his Constitutional Rights and Civil Liberties and asked that he be released.

28. That there after, Plaintiff Dr. Muhammad was told he could leave.

29. That Plaintiff Dr. Muhammad believes the only reason he was illegally detained is because he is a Muslim Man of Arab ethnicity and his Way of Life is Al-Islam.

30. The actions of the Defendants constituted harassment, religious biasness.

31. The failure of Defendants to act appropriately as mandated by law constituted deliberate indifference and caused the mental, emotional suffering and distress of the Plaintiffs. Also, the Defendants aforesaid conduct was extreme and outrageous and was done intentionally and recklessly to cause such distress to Plaintiffs.

32. That Defendants Bonner and Mitchell failed to take any action to curb or prevent the wrongful conduct of Defendants Williams, Agen, Wong, and the two unknown Border Protection Officers against Plaintiffs.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

33. The Defendants action violated the Plaintiffs right of Freedom of Religion under the First Amendment to the United States Constitution. Also that the Plaintiffs be awarded compensatory damages in the amount of Five Hundred Thousand Dollars.

## SECOND CAUSE OF ACTION

34. The Defendants action violated the Plaintiffs rights of Free Speech and Assembly under the First Amendment to the United States Constitution. Also that Plaintiffs be awarded compensatory damages in the amount of Two Hundred Thousand Dollars.

## THIRD CAUSE OF ACTION

35. The Defendants actions violated the Plaintiffs rights to be free from Unreasonable Searches and Seizures under the Fourth Amendment to the United States Constitution. Also that Plaintiffs be awarded compensatory damages in the amount of One Hundred Thousand Dollars.

## FOURTH CAUSE OF ACTION

36. The Defendants actions violated the Plaintiffs rights under the Religious Freedom Restoration Act, 42 U.S.C. 2000bb et seq. Also that punitive damages be awarded against each and all of the Defendants in the amount of One Million Dollars, and that all damages be awarded against the Defendants individually and separately in both their individual and official capacities of each of the Defendants.

WHEREFORE the Plaintiffs Inpropria Persona Sui Juris respectfully request that the Court:

1. Declare that the Defendants have violated the Plaintiffs rights under the First and Fourth Amendments to the United States Constitution and under the Religious Freedom Restoration Act.

2. Enjoin the Defendants from detaining, interrogating, fingerprinting and photographing United States citizens who are Muslim because they are returning to the country after completing the Sacred journey Al-Hajj and Umra to Makkah, Saudia Arabia or from a country with a majority Muslim population.

3. Order the Defendants to return all information, fingerprints, and photographs unlawfully obtained from the Plaintiffs and to expunge from the government databases or otherwise destroy any information, fingerprints, or photographs that cannot be returned.

4. Grant attorney fees and such other and further relief as to the Court is just and proper be awarded to the Plaintiffs.

Dated: December 27, 2005

DR. AL-HAJJ IDRIS A. MUHAMMAD
124 West 137 Street, Apartment 1-D
New York City, NY 10030


\s\ Siraj Ibn Wahhaj
SIRAJ IBN WAHHAJ
284 Clermont Avenue
Brooklyn, NY 11205